T. Jason Wood, Esq. (ISB #5016)
J. Michael Whyte, Esq. (ISB # 4645)
THOMSEN STEPHENS LAW OFFICES, PLLC
2635 Channing Way
Idaho Falls, ID  83404
Telephone  (208) 522-1230
Fax  (208) 522-1277

 Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JACKIE BLACKHAWK, personally and as personal representative of the ESTATE OF FELIPE MAX GALLOWAY, DOROTHY GALLEGOS, as parent, natural guardian, and next friend of D. G. and A. G., minors,<br><br>        Plaintiffs,<br><br>v.<br><br>CITY OF CHUBBUCK, a political subdivision of the State of Idaho; RICHARD T. WEBB, individually and in his official capacity as Chubbuck City Chief of Police; FARLEY MERICA, RANDY SEVERE, MARTY FRASURE, MATT GALLOWAY, and BRIAN ELLIS, individually and as employees of the City of Chubbuck; CLIFF CUMMINGS, individually and as an employee of the State of Idaho; and JOHN DOES I through X,<br><br>        Defendants. | Case No. CIV04-629-E-BLW<br><br><br><br><br>SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL |

1 -    SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW the plaintiffs above-named, and for cause of action against the defendants, allege as follows:

1. Plaintiff Jackie Blackhawk, is the mother, and personal representative of the estate of, the decedent, Felipe Max Galloway (hereinafter "Galloway"). She is a resident of the County of Bannock, State of Idaho.

2. Plaintiff Dorothy Gallegos is the mother and natural guardian of D. G. and A. G., minors, whose father was the decedent Galloway. She and her children are residents of the County of Bannock, State of Idaho.

3. The City of Chubbuck is a political subdivision of the State of Idaho.

4. Plaintiffs do not know the true names or capacities of Defendants named herein as John Does I through X, and pray leave to amend this complaint to insert their names herein when their true names and/or capacities are ascertained.

5. At all times material hereto, Cliff Cummings was employed by the State of Idaho Department of Corrections, Office of Probation and Parole.

6. At all times material hereto, Richard T. Webb, Farley Merica, Randy Severe, Marty Frasure, Matt Galloway, and Brian Ellis were employed as law enforcement officers by of the City of Chubbuck.

7. The amount in controversy in this matter exceeds $75,000.

8. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1367.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b).

10. On June 18, 2003, defendants were served with a notice of tort claim as required by Idaho Code §§ 6-905 and 6-906.

11.   On December 21, 2002, defendant Cliff Cummings, who was Galloway's parole officer, received information that Galloway was at a residence located at 190 Henry in Chubbuck, Idaho.

12.   Cummings determined to apprehend Galloway at the residence because Galloway had failed to report to his parole officer.

13.   Cummings obtained the assistance of the Chubbuck Police Department but maintained control of the parole search and seizure of Galloway. Chief of Police Richard Webb activated a Special Response Team (SRT) to assist in Galloway's apprehension and had ultimate authority and control over the actions of the SRT in effecting Galloway's arrest.

14.   Defendant Matt Galloway and the other defendants, or some of them, gave false and/or unreliable information to the SRT that Galloway was in possession of a firearm.

15.   Severe and Frasure were in charge of formulating and executing the plan for entry and apprehension of Galloway.

16.   Ellis was instructed to relay the entry plan to Chief Webb, but failed to do so.

17.   During defendants' attempt to apprehend Galloway, defendant Merica shot Galloway twice in the chest at close range while Galloway was confined to a small bedroom inside the residence, claiming that he shot Galloway because he was armed with a gun.

18.   Galloway was not, in fact, armed with any weapon, but instead was alleged by defendants to have been holding a deodorant spray can at the time Gallaway was shot.

19.   Galloway died as a direct result of the gunshot wounds.

20.   Galloway's death was proximately caused by the negligence of the defendants, and each of them.

21. Defendants' negligence consists of, but is not limited to, the following:

   a. failing to use less aggressive, confrontational and/or combative methods of apprehending Mr. Galloway, such as obtaining a search warrant, utilizing "contain and develop negotiations," disconnecting power and water, use of chemical munitions, "contain, negotiate and wait," and flush and apprehend with apprehension dog.

   b. unwarranted and unnecessary use of aggressive SRT and SRT procedures, thereby unnecessarily escalating the situation and the potential for use of excessive aggression and violence;

   c. failure to adequately investigate and substantiate allegations that Mr. Galloway was armed and dangerous, when, in fact, he was not;

   d. reliance upon unsubstantiated and undocumented information that Mr. Galloway was armed and dangerous, when, in fact, he was not;

   e. failure to adequately train and instruct defendant Merica and the other officers involved in the incident, in the proper use of deadly force and the proper use of restraint in circumstances such as those present in this case;

   f. failure to adequately screen defendant Merica's character, experience, background, personality traits, and other qualifications to serve on SRT or to be involved in an attempted apprehension or arrest of individuals, or even to review defendant Merica's personnel file and/or work history which would have revealed that he had only recently been rejected as an applicant for SRT;

   g. unlawful use of deadly force by defendant Merica;

  h. Use of excessive, unnecessary, and unreasonable force in apprehending a person purportedly in violation of probation/parole;

  i. Failure to develop and implement a reasonable apprehension plan;

  j. failure to properly control and/or supervise the decedent's apprehension;

  k. violation of Idaho Code §§ 18-4011 and 19-610, therefore constituting negligence *per se.*

 22. The individual defendants' actions, which were performed in their individual capacities under color of state law, resulting in the fatal shooting of Galloway, constitutes excessive force and deprivation of life without due process in violation of Galloway's rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. § 1983.

 23. Defendants' were acting at all times within the course and scope of their duties as employees of the City of Chubbuck and the State of Idaho for purposes of Plaintiff's claims brought under Idaho law, and their acts are imputed to the City of Chubbuck and the State of Idaho. Furthermore, the City of Chubbuck's conduct of its own accord as described above was negligent, reckless, willful, and wanton.

 24.  As a direct and proximate result of the defendants' unlawful conduct as described above, Galloway was deprived of his life and all the enjoyment thereof, suffered unspeakable physical and mental pain and anguish before his death, and incurred over $24,000 in medical expenses prior to his death, all in monetary amounts to be proven at trial.

 25. As a direct and proximate result of the defendants' negligence, Plaintiffs Jackie Blackhawk and minors D. G. and A. G. have suffered the loss of the love, support, services and

companionship of their son and father, respectively, and the associated mental and emotional pain and anguish, in such dollar amounts as to be proven at trial.

26. Defendants' conduct as alleged above and to be proven at trial was motivated by evil motive or intent, or exhibited reckless or callous indifference to Galloway's federally protected rights, and plaintiffs are therefore entitled to an award of punitive damages for same.

27. Plaintiffs are entitled to an award of their attorney fees and costs pursuant to 42 U.S.C. § 1988.

28. Portions of plaintiff's damages are liquidated as to the amount, and plaintiff is entitled to interest on damages at the maximum rate allowed by law and applicable statutes.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand trial by jury, comprised of the maximum number of jurors allowed by applicable law, as to all issues triable to a jury in this action.

WHEREFORE, plaintiffs prays for judgment against defendants on all counts as follows:

1. For a declaration that defendant's conduct was in violation of plaintiff's legal rights;

2. For an award of general and special damages suffered by the decedent and/or his estate according to proof;

3. For an award of general and special damages suffered by the individual plaintiffs according to proof;

4. For an award of punitive damages for violation of the decedent's federally protected rights.

5. For prejudgment interest on plaintiffs' damages as provided by law;

6. For attorney fees as provided by statute and court Rule;

7. For the cost of suit incurred herein; and

8. For such other and further relief as the Court deems just and equitable under the circumstances.

DATED this 28th day of November, 2005.

                                                THOMSEN STEPHENS LAW OFFICES, PLLC

By:     /s/
        T. Jason Wood, Esq.

**CERTIFICATE OF SERVICE**

  I hereby certify that on November 28, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

BLAKE G. HALL
ANDERSON NELSON HALL & SMITH
PO BOX 51630
IDAHO FALLS, ID 83405-1630

WILLIAM D OLSON
RACINE OLSON NYE BUDGE & BAILEY
PO BOX 1391
POCATELLO ID  83204-1391

        THOMSEN STEPHENS LAW OFFICES, PLLC


        By:  /s/
           T. Jason Wood

J:\data\Tjw\4898\017 2nd amended complaint.wpd